UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MALISHA BLYDEN,

                                Plaintiff,          NOTICE OF REMOVAL

- against -                                         Docket
                                                            15CV

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, THE BRONX DISTRICT ATTORNEY'S        ECF Case
OFFICE, MANUEL D. ALAMO, "JOHN" COAKLEY,
MICHAEL DISKIN, "JOHN" MULLARKEY, "JOHN"
O'BRIAN, ANGELO POLITE, "JOHN" REILLY, JAMES C.
RUANE, ANTHONY RUSSO, "JOHN" SCANLON AND
"JOHN" SMITH,

                                Defendants.
-----------------------------------------------------------------x

        Defendant-petitioner William Coakley s/h/a "John" Coakley, by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, upon information and belief, respectfully petitions this Court, pursuant to 28 U.S.C.§§1331, 1367(a), 1441(a), and 1446(b) as follows:

        1.        On or about June 5, 2015, plaintiff Malisha Blyden commenced the above-captioned civil action which is currently pending in the Supreme Court of the State of New York, Bronx County, under index number 23113/2015E, and of which a trial has not yet been had. A copy of the summons and complaint is annexed hereto as Exhibit A.

        2.        On or about June 20, 2015, defendant Michael Diskin received a copy of plaintiff's summons and complaint.

        3.        On or about June 22, 2015, defendants the City of New York and the City of New York s/h/a the New York City Police Department received copies of plaintiff's summons and complaint.

4. On or about June 29, 2015, defendant Bronx County District Attorney s/h/a The Bronx District Attorney's Office received a copy of plaintiff's summons and complaint. Copies of the affidavits of service for defendants Michael Diskin, the City of New York and the Bronx County District Attorney are annexed hereto as Exhibit B.

5. On or about July 8, 2015, plaintiff signed a stipulation extending time to answer to July 28, 2015.

6. On or about July 27, 2015, plaintiff signed a stipulation extending time to answer to August 26, 2015. Copies of the July 8, 2015, and July 27, 2015, stipulations extending time to answer are annexed hereto as Exhibit C.

7. On August 26, 2015, an answer was duly interposed on behalf of the City of New York, the Bronx County District Attorney and Michael Diskin. A copy of the answer is annexed hereto as Exhibit D.

8. On October 1, 2015, an amended answer was duly interposed on behalf of the City of New York, the Bronx County District Attorney, Michael Diskin, Manuel D. Alamo, Angelo Polite, James C. Ruane and Anthony Russo. A copy of the amended answer is annexed hereto as Exhibit E.

9. On or about September 29, 2015, defendant Steven Smith s/h/a "John" Smith received a copy of plaintiff's summons and complaint. A copy of the affidavit of service is annexed hereto as Exhibit F.

10. On or about October 3, 2015, William Coakley received a copy of plaintiff's summons and complaint. A copy of the affidavit of service is annexed hereto as Exhibit G.

11. On or about October 7, 2015, plaintiff agreed to extend the defendants Steven Smith's and William Coakley's time to answer the complaint to November 6, 2015.

12. The complaint alleges that on or about October 12, 2005, plaintiff was arrested as a result of her "close association" with Latisha Johnson, Ms. Johnson having been coerced by the police into confessing to and implicating plaintiff in the underlying criminal charges. See ¶¶ 54, 55 of Exhibit A.

13. Plaintiff further alleges that following her arrest she was indicted, prosecuted and convicted of the underlying crimes due to the pervasive misconduct, deliberate indifference and pattern of unconstitutional behavior of the defendants. See ¶¶ 1, 28-72 of Exhibit A.

14. As a result of the above alleged conduct by defendants plaintiff now seeks to hold defendants liable for deprivations of her civil rights pursuant to, but not limited to, City of Canton v. Harris, Brady v. Maryland and Monell v. City of New York as well as 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States. See ¶¶ 112-173 of Exhibit A.

15. Accordingly, this is a civil action over which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441. See, Pastures v. Allied Barton Sec. Servs., 2011 U.S. Dist. LEXIS 151782 (S.D.N.Y. 2011) (district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States).

16. Furthermore, since all state law claims arise out of a common nucleus of operative facts, namely, the alleged police and prosecutorial misconduct involved during plaintiff's prosecution and trial, both state and federal claims form part of the same case or controversy under Article III of the United States Constitution, and this Court's exercise of supplemental jurisdiction is appropriate. See, 28 U.S.C. § 1367(a). See also, Rosario v. Amalgamated Ladies' Garment Cutters' Union, 605 F.2d 1228, 1247 (2d Cir. 1979) (both state and federal claims were

linked by the hostility of Union officials towards appellees' assertion of their § 101 rights); see also, Dunlop v. City of New York, 2006 U.S. Dist. LEXIS 72315 (S.D.N.Y. 2006) (plaintiff's state and federal claims arise out of a common nucleus of operative facts).

17. This notice of removal is timely filed within thirty (30) days from the time defendant-petitioner received a copy of the plaintiff's summons and complaint. See Exhibit G; See also, 28 U.S.C.§ 1446(b)(2)(B).

18. Pursuant to 28 U.S.C.§ 1446(a), attached to this notice are true and correct copies of all known process, pleadings, and orders served upon defendant-petitioner in this action.

19. By filing this notice of removal, the petitioner does not waive any defense which may be available to him.

20. Whereas defendants the City of New York, the Bronx County District Attorney, Michael Diskin and Steven Smith are represented by Zachary W. Carter, each have expressly provided their consent through counsel for petitioner to remove this action to the United States District Court for the Southern District of New York.

21. By consenting to removal of this action, defendants the City of New York, the Bronx County District Attorney, Michael Diskin and Steven Smith do not waive any defense which may be available to them.

22. Although 28 U.S.C. § 1446(b) further provides that where there are multiple defendants, all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper, which is otherwise known as the rule of unanimity, exceptions are recognized, one of which permits a removing defendant to forego securing the consent of any co-defendant who has not been served with service of process at the time the removal petition is filed, and upon information and belief, co-defendants Manuel D. Alamo,

Angelo Polite, James C. Ruane, Anthony Russo, "John" Mullarkey, "John" O'Brian, "John" Reilly and "John" Scanlon have not been served process with a copy of the pleadings at the time the removal petition is filed, and consequently, as the state court has yet to acquire jurisdiction over these co-defendants their consent to this removal is not required. Pacific Westeel Rackingm, Inc. v. Evanston Ins. Co., 2008 U.S. Dist. LEXIS 11053, 11055 (S.D.NY. 2008) (one exception to the rule of unanimity is where the non-joining defendants have not been served with service of process at the time the removal petition is filed).

23. Notwithstanding the state court's lack of jurisdiction, whereas co-defendants Manuel D. Alamo, Angelo Polite, James C. Ruane and Anthony Russo are represented by Zachary W. Carter, each have expressly provided their consent through counsel for petitioner to remove this action to the United States District Court for the Southern District of New York.

24. In the context of removal under 28 U.S.C. § 1441(a), the requirement of the rule of unanimity does not extend to unserved, let alone unidentified, co-defendants "John" Mullarkey, "John" O'Brian, "John" Reilly and "John" Scanlon. Varela v. Flintock Constr., Inc., 148 F. Supp. 2d 297 (S.D.N.Y. 2001); see also, Bowen v. Home Depot, 2001 U.S. Dist. LEXIS 12100 (E.D.N.Y. 2001).

**WHEREFORE**, defendant-petitioner William Coakley respectfully requests that the action now pending before Supreme Court of the State of New York, Bronx County, be removed to the United States District Court for the Southern District of New York.

Dated: New York, New York
       October 27, 2015

                       Zachary W. Carter,
                       Corporation Counsel of the City of New York
                       Attorney for Defendant-Petitioner
                       WILLIAM COAKLEY S/H/A "JOHN" COAKLEY
                       100 Church Street
                       New York, New York 10007
                       (212) 356-3283
                       jcardill@law.nyc.gov

By: _____
                       JOSEPH P. CARDILLO (JC4061)
                       Special Assistant Corporation Counsel


TO:   KEITH D. SILVERSTEIN & ASSOCIATIES, P.C.
       Attorneys for Plaintiff
       40 Fulton Street, 7th Floor
       New York, New York 10038
       (212) 385-1444