**KEITH D. SILVERSTEIN & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
40 Fulton Street, 7th Floor
New York, New York 10038
(212) 385-1444

KEITH D. SILVERSTEIN

FACSIMILE
(212) 385-7933

December 4, 2015

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>**Malisha Blyden v. The City of New York, et al.**</u>
             **15 cv 8454 (DLC)**

Dear Judge Cote:

      On behalf of our client in the above case (plaintiff, Malisha Blyden), we request Your Honor's guidance, and, if necessary, an extension of time in which to serve the defendants "John" Mullarkey, "John" O'Brian, "John" Riley and "John" Scanlon (collectively, the "Mullarkey defendants", because: (1) we have been unable to secure process over them within the statutory time period, despite reasonable and diligent efforts made to do so (should Your Honor wish to review the Motion for Extension we filed in the State Court (e-filed in the State Court at Dkt. Nos. 9-12), we can electronically file that Motion in this case); and (2) the defendants we have served have answered the Complaint, in which they have raised as an affirmative defense that the action is barred because it was not commenced within the time provided by the applicable statute of limitations (Dkt. No. 2, Exhibit No. 5 (amended answer). Therefore, notwithstanding Corporation Counsel's willingness to cooperate with us and to send us waivers of service, we still may require an extension of time to serve the Mullarkey defendants, in order to ensure that service is deemed effectuated within the statute of limitations period.

      We commenced this false arrest/wrongful conviction case on June 5, 2015 by filing a Summons and Complaint in the New York State Supreme Court, County of Bronx (Index No.: 23113/15), naming the City of New York, the New York City Police Department (N.Y.P.D.), the Bronx District Attorney's Office, and eleven individuals believed to be N.Y.P.D. employees.

Service was timely completed on all defendants other than the Mullarkey defendants. Service on each of the Mullarkey defendants was attempted on June 22, 2015 at One Police Plaza, but could not be completed, because the N.Y.P.D. could not confirm the identities of any of them, in order to accept process for them.

On October 1, 2015, before the time (pursuant to C.P.L.R. §306-b) to effectuate service on the Mullarkey defendants had expired, we filed a motion in the State Supreme Court to extend the time to effectuate service on them. On October 29, 2015, while that motion was pending, the defendants removed the case to this Court, depriving the State Court of jurisdiction to decide our motion.

Since the removal, we have been cooperating with attorney Angharad Wilson from the New York City Law Department (who represents the defendants), in an effort to resolve this preliminary issue. During a meet and confer telephone conversation this week, Ms. Wilson told us that the City: (1) has identified defendants Daniel Mullarkey and Thomas O'Brian, will be representing them in the case, and will be sending us waivers of service for them; and (2) believes it has identified defendants Reilly and Scanlon, has sent them requests for legal assistance to them, and (upon confirmation of their identities and that they seek legal representation), will not object to service of process as to them as well.

The issue that we are concerned about is that the defendants have raised an affirmative defense of failure to serve the action within the statute of limitations in its Answer. Therefore, while defense counsel will cooperate by sending us waivers of service, we require the additional 120 days so that such service is deemed effectuated within the statute of limitations.

I am available to speak if the Court has any questions.

Respectfully submitted,

Keith D. Silverstein