UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MALISHA BLYDEN,

                          Plaintiff,

           -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, THE BRONX DISTRICT
ATTORNEY'S OFFICE, MANUEL D. ALAMO, "JOHN"
COAKLEY, MICHAEL DISKIN, "JOHN"
MULLARKEY, "JOHN" O'BRIEN, ANGELO POLITE,
"JOHN" REILLY, JAMES C. RUANE, ANTHONY
RUSSO, "JOHN" SCANLON and "JOHN" SMITH,

                          Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT**

15-CV-8454 (DLC)

JURY TRIAL DEMANDED

        Defendants Daniel Mullarkey and Thomas O'Brien by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring the action and proceed as stated therein and that plaintiff purports to seek relief as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint.

        3.     Deny the allegations set forth in paragraph "3" of the complaint except admit that Latreese Shufford and Jacqueline Misodi were indicted in Bronx County.

        4.     Deny the allegations set forth in paragraph "4" of the complaint except admit that plaintiff was convicted by jury on June 11, 2007, which was overturned on January 16, 2014 and the indictment was dismissed on March 11, 2014.

        5.     Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City maintains a police department.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that that Bronx District Attorney is authorized to prosecute crimes occurring in the County of Bronx, New York.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Detective Alamo was employed by the New York City Police Department.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that Detective Coakley was employed by the New York City Police Department.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that Detective Diskin was employed by the New York City Police Department.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that Detective Mullarkey was employed by the New York City Police Department.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that Detective O'Brien was employed by the New York City Police Department.

- 3 -

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that Detective Polite was employed by the New York City Police Department.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that Detective Reilly was employed by the New York City Police Department.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that Lieutenant Ruane was employed by the New York City Police Department.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that Sergeant Russo was employed by the New York City Police Department.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that Detective Scanlon was employed by the New York City Police Department.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that Detective Smith was employed by the New York City Police Department.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about March 14, 2014.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that a hearing pursuant to General Municipal Law §50-h was held on January 29, 2015.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that, to date, this matter has not been resolved.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. State that the allegations set forth in paragraph "27" of the complaint are legal conclusions to which no response is required.

28. Admit the allegations set forth in paragraph "28" of the complaint.

29. Admit the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint, and respectfully refer the Court to the records of the police investigation and the criminal trial transcripts (the "Criminal Proceedings") for a complete statement of the facts reported to the police and the testimony given by the witnesses.

42. Deny the allegations set forth in paragraph "42" of the complaint, and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

43. Deny the allegations set forth in paragraph "43" of the complaint, and respectfully refer the Court to the Criminal Proceedings for a complete statement of actions undertaken by the investigating officers.

44. Deny the allegations set forth in paragraph "44" of the complaint, and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

45. Deny the allegations set forth in paragraph "45" of the complaint, except state that Nti was interviewed on September 6, 2005 and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and testimony given by the witnesses.

46. Deny the allegations set forth in paragraph "46" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

47. Deny the allegations set forth in paragraph "47" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

48. Deny the allegations set forth in paragraph "48" of the complaint, except state that Elizabeth Mendez was interviewed on September 6, 2005, and respectfully refer the Court to the Criminal Proceedings for a complete statements of the facts reported to the police and the testimony given by the witnesses.

49. Deny the allegations set forth in paragraph "49" of the complaint, except state that George Peseo was interviewed on September 19, 2005 and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

50. Deny the allegations set forth in paragraph "50" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint, except state that Latisha Johnson spoke to police detectives and respectfully refer the Court to the

Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint, except admit that Blyden's trial began on May 7, 2007 and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

62. Admit the allegations set forth in paragraph "62" of the complaint.

63. Admit the allegations set forth in paragraph "63" of the complaint.

64. Admit the allegations set forth in paragraph "64" of the complaint.

65. Admit the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint, except admit that the Bronx District Attorney's Office reinvestigated the case.

68. Deny the allegations set forth in paragraph "68" of the complaint, except admit that Noguiera and Maitland identified photographs of Shufford as "Lace" and respectfully

refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

69. Deny the allegations set forth in paragraph "69" of the complaint and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

70. Deny the allegations set forth in paragraph "70" of the complaint except admit that Jacqueline Misodi was interviewed by the Bronx DA's office on January 17, 2014 and respectfully refer the Court to the Criminal Proceedings for a complete statement of the facts reported to the police and the testimony given by the witnesses.

71. Deny the allegations set forth in paragraph "71" of the complaint and respectfully refer the Court to the decision quoted therein.

72. Deny the allegations set forth in paragraph "72" of the complaint except admit that the indictment against Blyden was dismissed on March 11, 2014.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. In response to the allegations set forth in paragraph "85" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. In response to the allegations set forth in paragraph "101" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. Deny the allegations set forth in paragraph "106" of the complaint.

107. Deny the allegations set forth in paragraph "107" of the complaint.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. Deny the allegations set forth in paragraph "109" of the complaint.

110. Deny the allegations set forth in paragraph "110" of the complaint.

111. Deny the allegations set forth in paragraph "111" of the complaint.

112. In response to the allegations set forth in paragraph "112" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

113. Deny the allegations set forth in paragraph "113" of the complaint.

114. Deny the allegations set forth in paragraph "114" of the complaint.

115. Deny the allegations set forth in paragraph "115" of the complaint.

116. Deny the allegations set forth in paragraph "116" of the complaint.

117. Deny the allegations set forth in paragraph "117" of the complaint.

118. Deny the allegations set forth in paragraph "118" of the complaint.

119. Deny the allegations set forth in paragraph "119" of the complaint.

120. Deny the allegations set forth in paragraph "120" of the complaint.

121. Deny the allegations set forth in paragraph "121" of the complaint.

122. Deny the allegations set forth in paragraph "122" of the complaint.

123. In response to the allegations set forth in paragraph "123" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

124. Deny the allegations set forth in paragraph "124" of the complaint.

125. Deny the allegations set forth in paragraph "125" of the complaint.

126. Deny the allegations set forth in paragraph "126" of the complaint.

127. Deny the allegations set forth in paragraph "127" of the complaint.

128. Deny the allegations set forth in paragraph "128" of the complaint.

129. Deny the allegations set forth in paragraph "129" of the complaint.

130. Deny the allegations set forth in paragraph "130" of the complaint.

131. Deny the allegations set forth in paragraph "131" of the complaint.

132. Deny the allegations set forth in paragraph "132" of the complaint.

133. Deny the allegations set forth in paragraph "133" of the complaint.

134. Deny the allegations set forth in paragraph "134" of the complaint.

135. Deny the allegations set forth in paragraph "135" of the complaint.

136. Deny the allegations set forth in paragraph "136" of the complaint.

137. Deny the allegations set forth in paragraph "137" of the complaint.

138. In response to the allegations set forth in paragraph "138" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

139. Deny the allegations set forth in paragraph "139" of the complaint.

140. Deny the allegations set forth in paragraph "140" of the complaint.

141. Deny the allegations set forth in paragraph "141" of the complaint.

142. Deny the allegations set forth in paragraph "142" of the complaint.

143. Deny the allegations set forth in paragraph "143" of the complaint.

144. Deny the allegations set forth in paragraph "144" of the complaint.

145. Deny the allegations set forth in paragraph "145" of the complaint.

146. In response to the allegations set forth in paragraph "146" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

147. Deny the allegations set forth in paragraph "147" of the complaint.

148. Deny the allegations set forth in paragraph "148" of the complaint.

149. Deny the allegations set forth in paragraph "149" of the complaint.

150. Deny the allegations set forth in paragraph "150" of the complaint.

151. Deny the allegations set forth in paragraph "151" of the complaint.

152. Deny the allegations set forth in paragraph "152" of the complaint.

153. Deny the allegations set forth in paragraph "153" of the complaint.

154. Deny the allegations set forth in paragraph "154" of the complaint.

155. Deny the allegations set forth in paragraph "155" of the complaint.

156. Deny the allegations set forth in paragraph "156" of the complaint.

157. In response to the allegations set forth in paragraph "157" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

158. Deny the allegations set forth in paragraph "158" of the complaint.

159. Deny the allegations set forth in paragraph "159" of the complaint.

160. Deny the allegations set forth in paragraph "160" of the complaint.

161. Deny the allegations set forth in paragraph "161" of the complaint.

162. Deny the allegations set forth in paragraph "162" of the complaint.

163. Deny the allegations set forth in paragraph "163" of the complaint.

164. Deny the allegations set forth in paragraph "164" of the complaint.

165. Deny the allegations set forth in paragraph "165" of the complaint.

166. In response to the allegations set forth in paragraph "166" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

167. Deny the allegations set forth in paragraph "167" of the complaint.

168. Deny the allegations set forth in paragraph "168" of the complaint.

169. Deny the allegations set forth in paragraph "169" of the complaint.

170. Deny the allegations set forth in paragraph "170" of the complaint.

171. Deny the allegations set forth in paragraph "171" of the complaint.

172. Deny the allegations set forth in paragraph "172" of the complaint.

173. Deny the allegations set forth in paragraph "173" of the complaint.

### FIRST AFFIRMATIVE DEFENSE:

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant O'Brien or Mullarkey.

### THIRD AFFIRMATIVE DEFENSE:

There was probable cause for plaintiff's arrest, detention, and prosecution.

### FOURTH AFFIRMATIVE DEFENSE:

Defendants O'Brien and Mullarkey have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FIFTH AFFIRMATIVE DEFENSE:

Defendants O'Brien and Mullarkey have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE:

Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

### SEVENTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### EIGHTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the complaint, defendants O'Brien and Mullarkey acted reasonably in the proper and lawful exercise of their discretion.

### NINTH AFFIRMATIVE DEFENSE:

Punitive damages cannot be assessed against defendant City of New York.

### TENTH AFFIRMATIVE DEFENSE:

Plaintiff has failed to mitigate her alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE:

The Bronx District Attorney's Office is not a suable entity.

**TWELFTH AFFIRMATIVE DEFENSE:**

The NYPD is not a suable entity.

**WHEREFORE,** defendants Mullarkey and O'Brien request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 15, 2015

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants Mullarkey and O'Brien*
100 Church Street, Room 3-160
New York, New York 10007
(212) 356-2572

By: /S/

Angharad K. Wilson
Assistant Corporation Counsel

cc: BY ECF
Keith Silverstein, Esq.
Keith D. Silverstein & Associates, P.C.
40 Fulton Street, 7th Floor
New York, NY 10038

Docket No. 15-CV-8454 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALISHA BLYDEN,

                Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, THE BRONX DISTRICT ATTORNEY'S OFFICE, MANUEL D. ALAMO, "JOHN" COAKLEY, MICHAEL DISKIN, "JOHN" MULLARKEY, "JOHN" O'BRIEN, ANGELO POLITE, "JOHN" REILLY, JAMES C. RUANE, ANTHONY RUSSO, "JOHN" SCANLON and "JOHN" SMITH,

                Defendants.

## ANSWER TO THE COMPLAINT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Angharad Wilson*
*Tel: 212-356-2572*
*Law Manager No. 06TT003497*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..................... December 15, 2015*

*........................................................................ .*

*Attorney for ...........................................*